UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DONALD EWING                    ]
    Petitioner,                 ]
                                ]
v.                              ]     No. 3:13-0811
                                ]     Judge Sharp
UNITED STATES OF AMERICA        ]
    Respondent.                 ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Fort Dix, New Jersey. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On August 9, 2012, the petitioner pled guilty, in accordance with a plea agreement, to one count of conspiracy to distribute and to possess with the intent to distribute cocaine and crack cocaine. United States v. Donald Ewing, Criminal Action No.3:11-00012 (M.D. Tenn.); Docket Entry No.1132 at pg.5. For this offense, the petitioner received a sentence of two hundred sixty two (262) months in prison, to be followed by ten years of supervised release. *Id.*; Docket Entry No.1133. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner.

On August 14, 2013, the petitioner filed the instant § 2255

1

motion (Docket Entry No.1) attacking the conviction. In the motion, the petitioner claims that he was denied his Sixth Amendment right to the effective assistance of counsel. More specifically, the petitioner alleges that counsel was ineffective[1]

> 1) because she "failed to object to an increased punishment under Section 851(a)(1)";
>
> 2) due to her "failure to comply with Section 851's denial or affirmation provision under subsection (b) of that statute";
>
> 3) because of counsel's "failure ... to file a written response pursuant to Section 851(a)(1)(c)(1) and (2) and (e) of that statute";
>
> 4) when counsel "failed to investigate his case pre-trial"; and
>
> 5) due to counsel's failure to "object to some four judges recusing themselves from the case".

After examining petitioner's motion, the Court found that it was not facially frivolous. Accordingly, by an order (Docket Entry No.2) entered March 3, 2014, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court is the government's Response (Docket Entry No.13) to the petitioner's § 2255 motion, to which the petitioner has offered no reply.

---

[1] The petitioner was represented by Kathleen Morris, a member of the Davidson County Bar.

Having carefully considered the motion, the government's Response and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States of America, 348 F.3d 545,550 (6th Cir.2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759,771 (1970). To establish a violation of this right, the petitioner bears the burden of showing that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 466 U.S. 668 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". *Id*. at 466 U.S. 689. Within the context of a guilty plea, prejudice is established by showing that, but for counsel's errors, the petitioner would not have pled guilty and would, instead, have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

3

judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner had previously been convicted of other drug related offenses. He acknowledged in the Plea Agreement that these convictions qualified him to be sentenced as a career offender. United States v. Donald Ewing, *supra*; Docket Entry No.1132 at pgs.19-20. The government filed an enhancement information pursuant to 21 U.S.C. § 851 alleging the previous convictions. *Id.* at Docket Entry No.1110. As part of his plea bargain, the petitioner agreed to waive the right to appeal any sentence of 262 months with ten years of supervised release. *Id.*; Docket Entry No.1132 at pg.23. In exchange, the government agreed to refrain "from filing other felony drug convictions in the enhancement information which would make the applicable penalty mandatory life imprisonment ...". *Id.*; Docket Entry No.1132 at pg.7.

Three of the petitioner's claims (Claim Nos.1-3) assert that counsel was ineffective for failing to attack the government's enhancement information. In a Declaration from defense counsel, petitioner's attorney states that the enhancement information was the product of "a negotiated settlement following the denial of multiple motions to suppress evidence obtained through a series of wiretaps, and the settlement avoided the government's filing of an 851 Information asserting multiple prior felony drug convictions which would result in a mandatory sentence of life imprisonment."

4

Docket Entry No.13-1 at pg.1. The petitioner has offered nothing to convince the Court that, but for counsel's failure to attack the enhancement information, he would go to trial and face the possibility of life imprisonment rather than accept his present sentence as negotiated by counsel. Particularly, in light of the fact that the petitioner conceded that he was in fact guilty of the charge. <u>United States v. Donald Ewing</u>, *supra*; Docket Entry No.1132 at pg.9. Thus, in the absence of any showing of prejudice, these claims have no merit.

The petitioner also asserts that counsel was ineffective for failing to investigate his case pre-trial (Claim No.4). This claim is contrary to petitioner's acknowledgment in his Plea Petition that "my lawyer has done all the investigation and research in this case that I have asked her to do and I am satisfied with her representation at this point". *Id.;* Docket Entry No.1132 at pg.3. The petitioner has offered nothing to show that counsel's pre-trial investigation of his case was deficient in any way. This claim, therefore, is without merit as well.

Finally, the petitioner complains that his attorney should have objected to the recusal of four judges from this case (Claim No.5). He has not, however, shown that the recusal of these judges in any way deprived him of a fair prosecution. Nor has he shown that, but for counsel's failure to object to the recusals, he would have insisted on going to trial rather than pleading guilty. As a

consequence, this claim also fails to provide the petitioner with the relief he seeks.

Having considered the § 2255 motion, the government's Response and the expanded record, the Court finds that the petitioner was not denied his right to the effective assistance of counsel. Petitioner's motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge